In re HOOPER: Habeas Corpus.

*June 9, 1881.*

*Extradition of fugitives from justice.*

A warrant by the governor of this state recites that it has been represented to him by the governor of Kansas that A. B. stands "charged with the crime of obtaining illicit connection with a female of good repute under the age of twenty-one years, under a promise of marriage, committed in the county of L. in said state," etc. It also shows that the requisition made by the governor of Kansas was accompanied by a duly authorized copy of an information filed in that state against A. B., charging him with said offense. *Held*,

1. That this is sufficient *prima facie* evidence that A. B. was charged with a *crime, under the laws of Kansas*, for which he is liable, under sec. 2, art. IV of the federal constitution, to be arrested in this state and delivered up on demand of the governor of Kansas.

2. That our statute which makes the seduction of an unmarried female of previous chaste character, under a promise of marriage, punishable by imprisonment, defines substantially the offense charged in the warrant; and the presumption is that the laws of Kansas are like our own.

3. That it is a sufficient compliance with sec. 5278, R. S. U. S., that the requisition is accompanied by a copy of an *information* filed in Kansas, instead of an "indictment found or an affidavit made before a magistrate."

On the 9th of June, 1881, *Frank H. Hooper* was brought before the Hon. ORSAMUS COLE, the chief justice of the supreme court of Wisconsin, in obedience to a writ of *habeas corpus cum causa* previously issued by the chief justice, directed to *T. F. Montz*, the sheriff of Polk county. The sheriff's return to the writ showed that the petitioner had been

In re Hooper: Habeas Corpus.

arrested and was held, as a fugitive from justice from the state of Kansas, under a warrant issued by the acting governor of this state on the 11th of May, 1881. The warrant (a copy of which was included in the return) recited that it had been represented to said acting governor of this state by the governor of the state of Kansas, that said *Hooper* stood "charged with the crime of obtaining illicit connection with a female of good repute under the age of twenty-one years, under a promise of marriage, committed in the county of Labette in said state," and that he had fled from justice, etc. It further recited that said representation and demand were accompanied by a copy (certified as authentic by said governor of Kansas) of an information charging said *Hooper* with having committed said crime.

The petitioner demurred to the return on grounds which will sufficiently appear from the opinion.

*Henry N. Setzer*, for the petitioner. [No brief on file.]

*H. W. Chynoweth*, for the respondent:

The warrant of the governor is a justification. *In re Clark*, 9 Wend., 212; Moore's Crim. Law, 603; 1 Bishop's Crim. Proc., sec. 223; *People ex rel. Draper v. Pinkerton*, 17 Hun, 199. The warrant shows on its face a crime charged in the state of Kansas by information. It is not necessary that it should show a common-law crime; but it is sufficient that the act charged is made a crime by the statutes of Kansas. Spear on the Law of Extrad., 267; *Kentucky v. Dennison*, 24 How., 66; Cooley on Con. Lim., 15, note 1; Hurd on Hab. Corp., 602; *In re Clark, supra;* Opinion of Gov. Fairfield, 24 Am. Jurist, 233. It is to be presumed that the act charged is a crime under the laws of Kansas. Opinion of Sup. Ct. of Maine, quoted in Gov. Fairfield's opinion, *supra.* The warrant would be held sufficient as charging a crime under the laws of this state, and the presumption. is that the laws of Kansas are the same as ours. There is no material difference in meaning between the words "good repute" and "previous chaste character." The word "charged" in sec. 2, art. IV of

the constitution of the United States, means a judicial charge, and the federal statute (R. S. U. S., sec. 5278), which requires the requisition to be accompanied by "a copy of an indictment found or an affidavit made before a magistrate," etc., was evidently intended to embrace all legal methods of charging a crime which would put the accused upon his legal defense. An information is clearly embraced within the meaning of the provision. *State v. Hufford*, 28 Iowa, 39; *Kentucky v. Dennison*, 24 How., 107.

COLE, C. J. The question arising on the demurrer to the return is: Does the warrant of the governor, set up in the return, show a sufficient justification for holding the petitioner in custody? It is objected that the warrant fails to show upon its face that he is charged with the commission of a crime in the state of Kansas. The warrant of the governor of this state recites that it has been represented to him by the governor of the state of Kansas, that the petitioner "stands charged with the crime of obtaining illicit connection with a female of good repute under the age of twenty-one years, under a promise of marriage, committed in the county of Labette in said state, and that he has fled from justice in that state, and has taken refuge in the state of Wisconsin; and the said governor of Kansas having, in pursuance of the constitution and laws of the United States, demanded," etc., the petitioner. Now it is objected that the rendition warrant is insufficient in law because it does not show that the petitioner is charged with the commission of a crime for which the executive is authorized to cause him to be arrested and delivered up to the agent of the state of Kansas.

The language of the constitution of the United States is, that the alleged fugitive from justice must be charged " with treason, felony or other crime." The weight of judicial opinion is, that these words embrace any act forbidden and made punishable by the laws of the state making the demand.

*Kentucky v. Dennison*, 24 How., U. S., 66; *Taylor v. Taintor*, 16 Wall., 366; Cooley on Con. Lim., p. 16, note 1; *Brown's Case*, 112 Mass., 409; *Clark's Case*, 9 Wend., 212; *People v. Brady*, 56 N. Y., 182; *People v. Pinkerton*, 17 Hun, 199; Hurd on Habeas Corpus, *597. "Felonies and misdemeanors, offenses by statute and at common law, are alike within the constitutional provision; and the obligation to surrender the fugitive for an act which is made criminal by the law of the demanding state, but which is not criminal in the state upon which the demand is made, is the same as if the alleged act were a crime by the law of both." *People v. Brady, supra*, 188. *Prima facie* the warrant shows that the act charged was a crime by the laws of Kansas. Besides, in the absence of proof to the contrary, the presumption is that the laws of that state are the same as our own. Our statute makes the seduction of an unmarried female of previous chaste character, under a promise of marriage, an offense punishable by imprisonment in the state prison (sec. 4581, R. S.); and that is substantially the offense charged in the warrant.

But again it is said there is no proper evidence that the petitioner is charged with the commission of a crime in the state of Kansas. The rendition warrant recites that the representation and demand of the governor of Kansas is accompanied by a copy of an *information* charging the petitioner with having committed the crime of, etc., which copy of said information is certified to be authentic. The law of congress in substance provides, that the requisition shall be accompanied by "a copy of an indictment found or an affidavit made before a magistrate" of the state making the demand (sec. 5278, R. S. U. S.), "charging the person demanded with having committed" the particular crime, etc. Now it is said that a copy of an information, certified by the governor of Kansas to be authentic, fails to comply with the law of congress on this subject; fails to show that the petitioner is charged with the commission of a crime in that state. I think, however,

the evidence of the charge by "information" is a sufficient compliance with the law of congress. The intent of that law obviously is, that the charge must be made in the regular course of judicial proceedings, in the form of an information filed by the proper law officer, an indictment, or other accusation known to the law of the state in which the offense is committed. *Kentucky v. Dennison, supra; State v. Hufford,* 28 Iowa, 391. Each state has an undoubted right to regulate the forms of pleadings and process in her own courts, in criminal as well as in civil cases, and is not bound to conform to those of any other state. TANEY, C. J., in *Kentucky v. Dennison.* Presumably the state of Kansas has authorized its courts to hear, try and determine prosecutions for crimes by information, as this state has done. The constitution of the United States does not prescribe the form in which the charge must be made; and while the act of congress speaks of an "indictment found or an affidavit made before a magistrate," etc., yet I do not think it was intended to exclude a case where the charge is in the form of a criminal information. In this state all offenses are triable by information filed by the district attorney of the proper county; and I do not feel authorized in holding that where the offense is charged in that manner it does not conform to the law of congress nor afford sufficient evidence that a person is charged with the commission of a crime within the meaning of the act. I therefore think it appears from the face of the warrant that a legal accusation or criminal charge in a judicial proceeding is pending against the petitioner in the state of Kansas, which authorizes his arrest in this state and removal to that state for trial.

It follows, of course, from this view, that the return shows a just and legal cause for the detention of the petitioner. The demurrer to the return must be overruled, and the petitioner must be remanded to the custody of the sheriff of Polk county.

It is so ordered.