PEOPLE *v*. STOCKWELL.

135    341
149   ⁵656
150   ⁷ 62

1. CRIMINAL LAW—FUGITIVE FROM JUSTICE—EXTRADITION—WAR-
   RANT.
      A warrant issued by the governor, empowering a sheriff to
      receive from the authorities of another State one against
      whom an information has been filed as a fugitive from jus-
      tice, and convey him hither, to be dealt with according to
      law, is sufficient to authorize his production before the court
      wherein the information is pending.

2. SAME—INFORMATION—COMPLAINT.
      Whether an information against a fugitive from justice under
      3 Comp. Laws, § 11940, must be based upon a sworn com-
      plaint,—*quære*.

3. SAME.
      An information is a sufficient basis for extradition.

4. SAME—ARREST—VERIFIED INFORMATION.
      Doubt is expressed as to the sufficiency of an information, veri-
      fied on information and belief only, to justify an arrest.

5. SAME—INFORMATION—SUFFICIENCY.

An information need not charge the precise offense named in the complaint and warrant, so long as it is based upon the same transaction. So *held* where a *nolle prosequi* was entered in a prosecution for conspiracy to extort money, and an information filed for obtaining money by false pretenses, without further complaint or examination.

6. SAME—PRELIMINARY EXAMINATION—PRESUMPTIONS.

An information will be presumed to have been authorized by the preliminary examination, in the absence of a contrary showing.

7. SAME—FALSE PRETENSES—AGENCY—SUFFICIENCY OF INFORMATION.

An information for obtaining property by falsely accusing one of being the father of an unborn child of a certain woman, alleging that a note payable to respondent or bearer was given by the person accused as a result of the false pretenses and fraud practiced upon him, that it was represented to him that it would operate as a full satisfaction and settlement of all claims of the woman, and that such representation was relied on, was sufficient, though it did not directly charge that respondent was, or claimed to be, authorized to act for the woman.

8. SAME—CREDIBILITY OF WITNESSES.

In a prosecution for obtaining money under false representations that a certain person was the father of an unborn child, it was shown that such person had denied on a former trial, growing out of the same transaction, that he had had connection with the woman, and on the trial in question he attempted to explain away such statement. *Held*, that the discrepancy only affected his credibility, the reasonableness of his explanation being for the jury, and did not amount to a failure of proof that he was deceived by the representations.

Error to Genesee; Wisner, J. Submitted November 19, 1903. (Docket No. 233.) Decided January 5, 1904.

Joseph W. Stockwell was convicted of obtaining a promissory note by false pretenses, and sentenced to imprisonment in the State prison at Jackson for eight years. Affirmed.

*John H. Farley* and *M. & B. Wixom,* for appellant.

*George D. Williams,* Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was charged with the offense of obtaining a note of $3,000 from one Jacob Raquet by means of falsely accusing Raquet of being the father of an unborn child with which one Rosa Taylor was claimed to be pregnant, the respondent at the time knowing the accusation to be false. Numerous objections are taken to the proceedings, which will be first noticed.

It appears by the record that the same transaction upon which this information appears to have been based was made the basis for a prosecution of respondent and others for conspiracy. After a preliminary examination the respondent was held for trial, and an information filed against him. He gave bail for appearance, defaulted, and fled from the State. At this stage a *nolle prosequi* was entered in the conspiracy case, leave to file the present information was asked, and an information was.filed under section 11940, 3 Comp. Laws. A warrant of arrest was issued, signed by the clerk, tested in the name of the presiding judge. A warrant was also issued by the governor, empowering Edward G. Rust, who was sheriff, to receive the respondent from the proper authorities of Louisiana, and convey him to the State of Michigan, to be dealt with according to law. The sheriff made return to both warrants.

It is contended that the clerk had no authority to issue the warrant in this case. We do not find it necessary to determine this question, as the warrant of the governor was ample authority to authorize the sheriff to produce the respondent before the court in which the information was filed.

It was also contended — and a motion to quash was based on this ground—that the proceedings did not amount to due process of law, and that there was no such showing on oath as justified respondent's arrest; citing section 26,

art. 6, of the Constitution. We need not decide whether the filing of the information against a fugitive from justice under section 11940 would, in the absence of any sworn complaint or examination, be subject to the objection made. It is clear that an information is a sufficient basis for extradition. 2 Moore, Extradition, § 551; *In re Hooper*, 52 Wis. 699 (58 N. W. 741). Whether the affidavit annexed to the information is a sufficient compliance with section 26, art. 6, of the Constitution, may admit of more question. But in this case there was a basis in the sworn complaint upon which the respondent was originally apprehended for the filing of an information. So long as the information was based upon the same transaction, it need not charge the same precise offense named in the original warrant of arrest. *Annis* v. *People*, 13 Mich. 511; *People* v. *Bechtel*, 80 Mich. 623 (45 N. W. 582); *People* v. *Oscar*, 105 Mich. 704 (63 N. W. 971); *People* v. *Pichette*, 111 Mich. 461 (69 N. W. 739). The examination is not returned, and we must presume that it related to the same transaction, and warranted the filing of an information. The practice in the present case was that followed in *People* v. *Kuhn*, 67 Mich. 463 (35 N. W. 88). There was no error in the ruling of the circuit judge upon this question.

The motion to quash was based upon the further ground that the information failed to charge an offense. The precise point seems to be that the information fails to allege that the respondent was, or claimed to be, authorized to act as agent of Rosa Taylor. The information does allege, however, that a note payable to respondent "or bearer" was given by Raquet as the result of the false pretenses and fraud practiced upon him, and that it was represented to Raquet that said note would be and operate as a full satisfaction and settlement of any and all claims of the said Rosa Taylor, and that such representation was relied upon. It was sufficient.

It is also contended that, upon the whole record, a verdict should have been directed for the respondent.

This contention rests upon the claim that the evidence fails to show that Raquet was deceived by the statement that Rosa Taylor was with child. The record does disclose that, on the trial of the conspiracy charges in which one Johnson was respondent, the witness denied having had connection with Rosa Taylor. This he attempted to explain on this trial. The reasonableness of this explanation was for the jury. At the most, the discrepancy affected the witness' credibility.

Criticism is made of the charge. We think all the questions in the case were fairly covered in a connected charge, and the rights of the respondent fully protected.

The other points made have had full consideration, but are not thought to call for special mention. No error appears, and the conviction is affirmed.

The other Justices concurred.