(No. 21647.—

THE PEOPLE *ex rel.* Rollie Charles Lyman, Appellee, *vs.* FLOYD T. SMITH, Sheriff, Appellant.

*Opinion filed April 22, 1933—Rehearing denied June 9, 1933.*

OTTO KERNER, Attorney General, HENRY N. BENSON, Attorney General of Minnesota, ALEXANDER J. STROM, State's Attorney, and JAMES E. MARKHAM, for appellant.

F. A. OAKLEY, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal by Floyd T. Smith, sheriff of Boone county, from an order of the circuit court of that county discharging appellee, Rollie Charles Lyman, from custody. Lyman had been tried and acquitted on a charge of murder in Boone county. The sheriff continued to hold him upon the request of a parole officer of the State of Minnesota. On April 30, 1932, Lyman filed a petition in the circuit court for a writ of *habeas corpus,* and the writ was issued. The sheriff's amended return to the writ exhibited the warrant of rendition of the Governor of this State dated May 5, 1932, for the arrest of Lyman; the application of the Attorney General of Minnesota to the Governor of that State for a requisition; the complaint of Anna M. Brennan filed in the municipal court of the city of St. Paul on November 20, 1926, charging Lyman with grand larceny; a return by that court to the district court of Ramsey county, Minnesota, reciting that Lyman waived preliminary examination and remanding him to jail to further answer; the information filed in the district court by the county attorney of Ramsey county charging Lyman with grand larceny; a copy of the judgment of the district court entered upon a plea of guilty; a transcript of the evidence;

warrant of commitment to the reformatory; order of the Minnesota State Board of Parole dated April 11, 1929, granting Lyman a parole, conditioned that he accompany his mother to the State of Illinois and remain out of the State of Minnesota until the expiration of his maximum sentence on December 17, 1936; the acceptance of the same by Lyman; an order of the Minnesota State Board of Parole revoking Lyman's parole, and a transcript of the Minnesota statutes relating to the offense of grand larceny, indeterminate sentences and paroles. Lyman filed an amended petition and affidavit, alleging that the requisition and papers on which his extradition was asked were not in regular and legal form; that he is not substantially charged with a crime against the laws of the State of Minnesota; that he is not wanted in that State for the purpose of being tried for the violation of any of its criminal laws; that he is not a fugitive from justice of that State, and that the requisition was not made in good faith but for some ulterior purpose other than the punishment for crime. On the hearing the court found that Lyman is not a fugitive from justice from the State of Minnesota and discharged him from the custody of the sheriff.

Section 2 of article 4 of the constitution of the United States provides: "A person charged in any State with treason, felony, or other crime, who shall flee from justice, and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime." Pursuant to this provision Congress passed an act (U. S. Rev. Stat. 873, 874,) providing that "whenever the executive authority of any State or territory demands any person as a fugitive from justice, of the executive authority of any State or territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or territory, charging the person demanded with having committed treason,

felony, or other crime, certified as authentic by the Governor or chief magistrate of the State or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or territory to which such person has fled to cause him to be arrested and secured," etc. Appellee contends that the demanding State did not produce a copy of the indictment found or an affidavit made before a magistrate, therefore there was no basis for the Governor's rendition warrant.

In *Roberts* v. *Rielly,* 116 U. S. 80, it is held that before the Governor of a State can lawfully comply with a demand for extradition, it must appear, first, that the person demanded is substantially charged with a crime against the laws of the demanding State by an indictment or an affidavit certified as authentic by the Governor of that State; and second, that the person demanded is a fugitive from justice of the demanding State. It was held that the first of the prerequisites is a question of law and the second is a question of fact. That case is cited in *Ex parte Lewis,* 75 Tex. Cr. App. 320, as authority for holding that an information is an insufficient basis for extradition proceedings. But it is to be observed that the language employed in *Roberts* v. *Rielly, supra,* was directed to the separate issues arising under the statute, and the question whether a rendition warrant may be predicated upon an information instead of an indictment was neither raised nor decided.

The rule established by the weight of authority is expressed in Spear on the Law of Extradition, (3d ed. 363,) as follows: "An information, being in its form and substance similar to an indictment, is a charge of crime filed in the office of the clerk of a court by the proper law officer of the government, and where this method is provided for by the laws of a State, an information takes the place of an indictment in respect to the crimes to which it is applicable and serves the same purpose so far as bringing the accused party to trial is concerned. There is no doubt that

a charge of crime in this form, where it is legal according to the laws of a State though not technically an indictment and not mentioned in the law of Congress, comes within the meaning of the law, and would, and should, be so regarded for the purpose of extradition, if properly made." To the same effect is 2 Moore on Extradition, sec. 551. The same doctrine is announced in *People* v. *Enright,* 184 N. Y. Sup. 249; *In re Hooper,* 52 Wis. 699, 58 N. W. 741; *People* v. *Stockwell,* 135 Mich. 341, 97 N. W. 765; *In re VanSceiver,* 42 Neb. 778, 60 N. W. 1037; *State* v. *Hufford,* 28 Iowa, 391; *Morrison* v. *Dwyer,* 143 Iowa, 502.

In *Matter of Strauss,* 197 U. S. 324, it was contended that the constitutional provisions for extradition require the charge to be pending in a court that can try a defendant and do not include a committing magistrate. The court said in the course of the opinion: "Under the constitution each State was left with full control over its criminal procedure. No one could have anticipated what changes any State might make therein, and doubtless the word 'charged' was used in its broad signification, to cover any proceeding which a State might see fit to adopt by which a formal accusation was made against an alleged criminal. * * * Why should the State be put to the expense of a grand jury and an indictment before securing possession of the party to be tried? * * * Who would doubt that an information, where that is the statutory pleading for purposes of trial, is sufficient to justify extradiction?"

We are of the opinion that the statute is broad enough to authorize extradition proceedings to be based upon an information where the demanding State has adopted that method of charging crime.

It is also contended that the information is insufficient because it was not verified. The sufficiency of an indictment or information, as a matter of technical pleading, is not to be inquired of on this writ. *Munsey* v. *Clough,* 196 U. S. 364; *Pearce* v. *Texas,* 155 id. 311; *People* v. *Bald-*

*win,* 341 Ill. 604; *People* v. *Meyering,* 348 id. 486; *Drew* v. *Thaw,* 235 U. S. 432.

The production of a copy of the information instead of a copy of an indictment was a sufficient compliance with the constitution and Federal statute. It is therefore unnecessary to discuss the objections urged to the complaint filed in the municipal court.

The circuit court held that Lyman was not a fugitive from justice as that term is used in the constitution and statutes of the United States and of this State. During the month of September, 1931, he returned to Minnesota for about one and one-half weeks without the knowledge or permission of the parole board of that State. In February, 1932, he again went to Minnesota and while there was arrested on the charge of murder and returned to Boone county, Illinois. The record clearly shows that he violated the terms of his parole.

Lyman urges that when he was paroled, and again when he was surrendered to the sheriff of Boone county, he was sent out of Minnesota by the authorities of that State and did not flee from justice. To be a fugitive from justice within the meaning of the act of Congress regulating extradition, it is not necessary that the party charged should have left the State in which the crime is alleged to have been committed for the purpose of avoiding a prosecution anticipated or begun. It is sufficient if he has committed a crime within the State and when he is sought to be subjected to criminal process he has left the jurisdiction and is found within the territory of another. (*Roberts* v. *Rielly, supra.*) A person who has committed a crime and thereafter leaves the State in which the crime was committed and is found in another State is regarded in law as a fugitive from justice. (*People* v. *Traeger,* 340 Ill. 147; *People* v. *Baldwin, supra; People* v. *Mallon,* 218 N. Y. Sup. 432; *Appleyard* v. *Massachusetts,* 203 U. S. 222.) In *State* v. *Wall,* 244 N. W. (Minn.) 811, the relator was indicted in

Illinois for an offense under the laws of this State. He was also indicted by the Federal court in this State for an offense under the laws of the United States, of which he was convicted and sentenced to prison at Leavenworth, Kansas. While serving his sentence at Leavenworth he was brought back to Illinois and convicted on the State charge. Thereafter he returned to the Leavenworth prison to finish his sentence under this conviction in the Federal court. Upon his discharge from that prison he was arrested in the State of Kansas for extradition to this State and by an order of a Kansas court discharged from custody. Later he went to Minnesota and was there arrested upon a demand from this State for his extradition. The Supreme Court of Minnesota held that under the doctrine announced in *Roberts* v. *Rielly, supra,* and *Appleyard* v. *Massachusetts, supra,* he was subject to extradition by this State. In *Ex parte Cohen,* 104 N. J. C. 560, a prisoner paroled by New York authorities under the laws of that State and subsequently imprisoned in New Jersey by the judgment of a Federal court in New York was held to be a fugitive from justice within the constitutional and statutory provisions relating to extradition, notwithstanding his departure from New York was not voluntary. It is immaterial that the departure was with the knowledge and without objection of the prosecuting authorities. The rule laid down in *Roberts* v. *Rielly, supra,* is so well established and has been so often followed that it now has general application.

Lyman violated his Minnesota parole and it was duly revoked. Under the doctrine herein announced he is subject to extradition as a fugitive from justice. The judgment of the trial court is reversed and the cause remanded, with directions to order his surrender to the representative of the State of Minnesota, in accordance with the warrant of the Governor of this State.

*Reversed and remanded, with directions.*