HOWARD D. MITCHELL v. FRANK STOUTAMIRE, as Sheriff, *et al.*

152 So. 629.

En Banc.

Opinion Filed January 27, 1934.

823

*Lambdin & Ramseur* and *Waller & Pepper,* for Petitioner;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant, and *Wm. C. Hodges;* for Respondents.

BROWN, J.—The petitioner in this case alleges that he is unlawfully detained in the custody of the respondents and

deprived of his liberty by them, under a warrant of rendition issued by the Governor of the State of Florida, directed to the said Frank Stoutamire as Sheriff of Leon County, Florida, and to the said F. M. Dean, Agent of the State of California, by virtue of a requisition from the Governor of the latter State, demanding the extradition of the petitioner as a fugitive from justice. The original petition alleges that the requisition from the Governor of California had attached to it a certified copy of an information filed against the petitioner by the County Prosecuting Attorney of Orange County, California, in the Superior Court of that County, charging the petitioner with the offense of "grand theft," which is made the basis of the requisition, and the extradition proceedings aforesaid. The petition alleges that the information is not of such a character as would authorize the Governor of the State of Florida to issue a warrant of extradition thereon, because, under the controlling Federal Statute, the only basis upon which the Governor of this State could act must be a requisition showing either a copy of an indictment found or an affidavit made before a magistrate, charging the person demanded with having committed treason, felony or other crime, which indictment or affidavit must be certified as authentic by the Governor of the demanding State; that said information is neither an indictment nor an affidavit made before a magistrate, and hence insufficient to authorize the Governor of this State to issue said warrant of rendition.

The return of the respondents, the Sheriff of Leon County and the Agent of the State of California, alleges that they hold the petitioner in custody by virtue and upon the authority of a rendition warrant of extradition issued by the Governor of this State under his hand and seal and attested by the Secretary of State, which was issued pursuant to an

authenticated requisition from the Governor of the State of California, which requisition was predicated upon an affidavit made before a magistrate of Orange County, California, charging a felony under the laws of that State, also by an information signed by the District Attorney of said Orange County, likewise charging the petitioner with the commission of a felony, copies of which affidavit and information are attached to and made part of the return, likewise a copy of the Governor's warrant of rendition.

. The Governor's warrant of rendition is regular and valid on its face, in full compliance with Section 2, of Article IV of the Constitution of the United States, and the Act of Congress adopted in 1793, pursuant thereto, Section 5278, U. S. Rev. Stats., Section 10126, U. S. Comp. Stats., the applicable portions of which are quoted in State *ex rel.* Peck v. Chase, 91 Fla. 413, 107 So. 541. No reference is made in the executive warrant to the information referred to in the petition, which warrant recites, among other things, that the executive authority of the State of California has produced and filed with the executive authority of the State of Florida a copy of "an affidavit made before a California magistrate," charging the said person so demanded with having committed in said State of California against the laws of said State, the crime of "grand theft," and which is certified as authentic by the executive of said State of California. This recital is borne out by the copy of the affidavit set forth in respondents' return, which appears to have been sworn to before a California Justice of the Peace by one W. M. Smith on June 26, 1930, charging the defendant with the same crime and in the same language as that contained in the information filed by the District Attorney of Orange County, California, by his deputy on February 19, 1932.

The information was not sworn to, nor has it been made to appear that this was necessary under the California Statutes, so far as its sufficiency is concerned.

Petitioner was allowed to file an amendment to his petition, which sets forth a copy of the request of the District Attorney to the Governor of California for the issuance of a requisition upon the Governor of Florida and the accompanying authenticated copies of the information and certain other papers. The amendment to the petition called attention to the fact that the information was not sworn to by the District Attorney and does not purport to bear his signature, but was filed by a deputy district attorney. It is further alleged that the Governor's warrant is void and without authority of law because it recites that it was made upon "a copy of affidavit made before a California magistrate," whereas the only appropriate authority for the issuance of said warrant appearing in said District Attorney's request for the requisition and the documents accompanying same is the information purporting to have been filed by the deputy district attorney of Orange County, California; that there is therefore a variance between the warrant issued by the Governor of Florida and the request of the District Attorney addressed to the Governor of California for the issuance of a requisition. It is also alleged that the later affidavit of W. M. Smith, made January 8, 1934, subsequent to the filing of the information, which goes into some detail as to the facts upon which the petitioner is charged, shows that the petitioner had not committed any criminal offense. We might observe that this later affidavit was made before a Notary Public, and is evidently not the affidavit referred to in the Governor's warrant. Whether the facts alleged therein would be sufficient to prove the commission of a crime under the statutes and decisions of California, we are not called upon

to decide, as the original affidavit does charge a felony under the California statute.

A copy of the requisition of the Governor of the State of California, addressed to the Governor of this State, is not set forth in either the original or amended petitions, nor in the return of the respondents, but such return does allege that the requisition of the California Governor "is predicated upon an affidavit made before, a magistrate of Orange County, California, charging a felony under the laws of said State, also by an information signed by the District Attorney of Orange County, California, which likewise charged the petitioner, Howard D. Mitchell, with the commission of a felony under the laws of said State. The Governor of the State of Florida had before him said affidavit and information before he issued his rendition warrant."

Counsel for petitioner contends that the subsequent filing of the information rendered the previous affidavit before a magistrate *functus officio,* as thereafter the prosecution would proceed upon the information alone, and that therefore the affidavit could not be deemed sufficient as a basis for extradition. We are inclined to think, however, that inasmuch as the affidavit and the information charged the same crime against the same person and in practically the same language, the subsequent filing of the information might be deemed a continuation of the prosecution which was begun by the making of the affidavit before the Justice of the Peace, and that such subsequent filings of an information did not deprive the affidavit before the magistrate of its efficacy as a basis for extradition proceedings.

It is also contended in behalf of petitioner that inasmuch as more than three years have elapsed since the making of the affidavit, prosecution thereunder would be

barred by the statute of limitations of California, which is three years. We are referred on this point to Section 69. Paragraph 7, California Jurisprudence. It seems therefrom, that under the California statutes "an indictment for any other felony than murder, the embezzlement of public money, or the falsification of public records, must be found, or an information filed, within three years after its commission." This means that, regardless of the making of this affidavit, the information must have been filed within three years after the commission of the offense charged, which appears in this case to have been done, and that any further prosecution of the petitioner must be based upon the information, but we cannot see that this deprives the affidavit before the magistrate of its efficacy as a basis for extradition proceedings, as this efficacy is conferred upon such an affidavit by the Act of Congress above referred to.

The proposition most earnestly contended for by counsel for petitioner in their able arguments and briefs in this case is that an unverified information cannot be made the basis for the issuance of a requisition by the Governor of the demanding State or the granting of a warrant of rendition by the Governor of the asylum State. The weight of authority seems to support this contention. The Act of Congress under which such proceedings are authorized require that the executive authority of the demanding State shall produce a copy of "an indictment found or an affidavit made before a magistrate * * * charging the person demanded with having committed treason, felony or other crime," etc.

Scott in his work on Interstate Rendition, Section 80 and 81, says:

"A casual glance at the Act of Congress of 1793, relating to interstate rendition, will at once demonstrate the fact that there is no provision in this statute authorizing the

arrest and deportation of an alleged fugitive from justice upon a so-called 'information,' sworn to and filed by a prosecuting attorney, *ex officio* or otherwise; although many States have this method of procedure in criminal prosecutions; nevertheless, there is serious doubt as to whether or not a fugitive from justice can be legally rendited from one State to another when a so-called information is the foundation of the charge of crime in the demanding State. Beyond all question 'an indictment found,' and 'an affidavit made before a magistrate,' are the only two forms mentioned by the Act of Congress of charging a fugitive from justice with the commission of crime, and upon which can be predicated anything like legal interstate rendition, if the Federal law is to be followed. The American Congress in 1793—when this statute was passed—knew all about *ex officio* and criminal informations, in fact, long prior to that time a majority of its members, as well as the people generally, had felt the galling effects of the charge of crime brought against them by corrupt and subservient public prosecutors in the form of *ex officio* informations. This apparently is the real reason why the information does not appear in that statute as a basis for the charge of crime in interstate rendition; indeed, the Act of Congress of 1793 is to be treated and regarded as nothing more than a contemporaneous construction of the constitutional provision on this subject, and if this view is to be given any consideration whatever, it must be conceded that the information was intentionally and purposely *ignored* as a basis for the charge of crime in interstate rendition. Even the fifth amendment to the United States Constitution, while in no way relating to rendition, is proof beyond doubt, as to the odious character of informations at that time, for that amendment declares that 'no person shall be held to answer for a capital or otherwise infamous crime, unless on a pre-

sentment or indictment of a grand jury.' Nevertheless, the Supreme Court of Nevada in *Ex parte* Hose, (1911) 34 Nev. 91, declared that an information was valid as a charge of crime in interstate rendition."

"Although the Supreme Court of the United States has never been called upon *directly* to pass upon this question, yet that court on two different occasions, has held that there is no responsible prosecutor behind *ex officio* informations, and that information lacks the safeguards of an indictment found by a grand jury. Hurtado v. California, (1884), 110 U. S. 516; *Ex parte* Bain, (1886), 121 U. S. 1."

Counsel for petitioner cite the two cases by the Supreme Court of the United States above quoted. Also *Ex parte* Harte, 63 Fed. 249, 28 L. R. A. 801; Rice v. Ames, 180 U. S. 371, 45 L. Ed. 577; *Ex parte* Johnson, 49 S. W. 2d 788; Gibson v. State, 96 Tex. C. R. 428, 257 S. W. 1101, and several other Texas cases. Several State decisions are cited to the effect that an information is not sufficient *unless duly sworn to,* and other State cases holding that neither an information nor complaint is sufficient which is based upon information and belief. In State v. Curtis, 111 Minn. 240, 126 N. W. 719, it was held that an affidavit based upon information and belief was insufficient to support extradition. The same thing was held in Thorpe v. Metzer, 77 Wash. 62, 137 Pac. 330. In the case of People v. Stockwell, 135 Mich., 341, 97 N. W. 765, it was held that information *duly sworn to* is sufficient to support a warrant of extradition. To the same effect is *Ex parte* Morgan, 20 Fed. 298. It is also contended by counsel for petitioner that the following Florida cases lead inevitably to the same conclusion, as to the insufficiency of an unverified information as a basis for extradition, if the reasoning contained in such cases is followed and applied to the question being discussed; citing *Ex parte* Powell, 20 Fla. 806; Kuney v.

State, 88 Fla. 354, 102 So. 547; State *ex rel.* Stringer v. Quigg, 91 Fla. 197, 107 So. 409, wherein it is said, among other things, that: "Proceedings in extradition are *sui generis*, finding their origin and existence, as between different nations, wholly in treaty obligations, and as between the States of this Union, wholly by virtue of the provisions of the Constitution of the United States and effectuating statutes." They also cite the case of State, *ex rel.* Peck v. Chase, 91 Fla. 413, 107 So. 541, wherein it was held that an affidavit not shown to have been made before a magistrate was not sufficient as a basis for extradition.

In this connection see 25 C. J. 262 and 11 R. C. L. 743.

A strong recent Federal case to the contrary is *Ex parte* Nash, 44 Fed. (2nd.) 403, which holds that where an information is put on an equality with an indictment by the law of the demanding State, it is made sufficient as a basis for interstate extradition.

Counsel for the respondents call our attention to the statement in the opinion of Mr. Justice BREWER *in re:* Strauss, 197 U. S. 324, 25 S. C. 535, 49 L. Ed. 774, in these words: "But who would doubt that an information, where that is the statutory pleading for purposes of trial, is sufficient to justify an extradition." Coming from an eminent jurist, this statement was, however, dictum in that case. The holding in that case was that a person against whom a complaint for a felony has been filed before a committing magistrate, who can only charge or hold for trial before another tribunal, is "charged" with the crime within the meaning of the Federal statute providing for the extradition of persons charged with crime; in that case, a felony.

Counsel for respondents also cite *in re:* Hooper 52 Wis. 699, 58 N. W. 741; People v. Stockwell, 135 Mich. 341, 97 N. W. 765, and Morrison v. Dwyer, 143 Iowa 502, 121 N. W. 1064. But the weight of authority is to the con-

trary. However, we do not deem it necessary for us to rule upon this question in the case at bar.

The Governor's warrant in this case as above stated, and as is shown by the return of the respondents, shows that it was based upon an affidavit made before a California magistrate charging the petitioner with having committed in the State of California against the laws of said State, the crime of "grand theft." The copy of the affidavit was also made a part of the return of the respondents along with copies of the information, alleging that, "On or about the 18th day of December, 1929, at and within said County of Orange, State of California, the crime of felony, to-wit: "grand theft" was committed by Howard D. Mitchell, who at the time and place last aforesaid, did then and there willfully, unlawfully and feloniously steal, take and carry away $2,000.00, the personal property of W. M. Smith," etc., and prayed that a warrant might be issued for his arrest.

Thus, as above stated, the Governor's warrant of extradition is valid upon its face and complies with the strict rules laid down in State, *ex rel.* Peck v. Chase, 91 Fla. 413, 107 So. 541.

In the case of Chase v. State, 93 Fla. 763, 113 So. 103, this Court made the following holdings as expressed in the fourth, sixth and eighth headnotes:

"Where the executive warrant of rendition is regular and sufficient upon its face and complies with the essential requirements of the Congressional Act, it constitutes prima *facie* evidence of the facts therein set forth and of the authority of the authorized officer to arrest and detain the petitioner in custody for the purpose stated in such warrant."

"While the law presumes that the chief executive did his duty, and that an executive warrant of rendition, valid and sufficient on its face, was properly issued, the courts have

the power, upon *habeas corpus,* to review the action of the Governor in determining the jurisdictional prerequisites to the issuance of such warrant, the burden of overcoming the *prima facie* case made by the warrant being upon the accused."

"Upon *habeas corpus* proceedings in behalf of one held under an executive warrant of rendition, the courts of this State have no power to determine such person's guilt or innocence of the offense charged against the criminal laws of another State."

The petitioner has filed in this Court a document which might be deemed as a further amendment to his petition or perhaps an answer to the return of the respondents, in which he alleges that the affidavit set out in the respondents' return, made by one W. M. Smith before one Kenneth E. Morrison, Justice of the Peace in the State of California, and accompanying the requisition of the Governor of California to the Governor of this State, was produced in this Court, but that it appears from the papers on file with the Governor of this State in the office of the Secretary of State, that on the reverse side of said affidavit made before said justice of the peace there appears a certificate by said justice in the form or nature of a certificate of probable cause, a certified copy of which is attached, which reads as follows:

"It appearing to me that the offense in the within complaint mentioned, Misdemeanor-Felony, to-wit: Grand Theft; Violation of the Corporate Securities Act, to-wit: (in the taking of subscriptions of stock in the State of California without a permit first having been obtained.) Violation of the California Securities Act, to-wit: (in the taking of subscriptions of stock of a foreign corporation without a permit first having been obtained), has been committed,

and there is sufficient cause to believe the within named Howard D. Mitchell guilty thereof, I order that he be held to answer to the same. Present bail deemed sufficient."

"Dated this 28th day of January, 1932.

"KENNETH E. MORRISON,
"Justice of the Peace of ............
Township, in the County of
Orange, State of California,
Committing Magistrate."

Petitioner contends that this certificate of the justice of the peace shows that the crime of grand theft attempted to be charged consisted of the taking of subscriptions of stock in the State of California without a permit having been obtained, and the violation of the California Securities Act in the taking of subscriptions of stock of a foreign corporation without a permit first having been obtained, whereas the factual affidavit subsequently made by said complaining witness, Smith, accompanying the information of the deputy district attorney, shows that the agreement between the petitioner and the said Smith was for the formation of a corporation in the State of Nevada, which the said Smith and the said petitioner were to form, and that such a transaction, to which the complaining witness was a party, is insufficient to charge the petitioner with a crime, and if no crime is charged, petitioner could not be a fugitive from justice. One trouble with this allegation is that it was inadvertently, though of course, sincerely made, in that the said factual affidavit of said W. M. Smith, dated January 8, 1934, and made before a Notary Public, as shown by the only copy of said affidavit which has been produced to this Court, contained no allegations whatever as to any agreement between the petitioner and the said Smith for the formation of a corporation in the State of

Nevada, or anywhere else. Counsel for petitioner evidently had in mind some other affidavit, which has not yet been produced before this Court. It might also be observed that the above certificate of the justice of the peace *does hold* that there is sufficient cause to believe that the crime of grand theft had been committed by the petitioner, there being a semi-colon after the word "grand theft," and it not clearly appearing from said certificate that the justice of the peace intended to hold that the crime of grand theft consisted solely of the two mentioned violations of the California Securities Act. Furthermore, the Governor's warrant of extradition is not based upon the endorsements made by the justice of the peace on the back of the affidavit signed by W. M. Smith, but is based upon the affidavit itself, made before a magistrate, and sufficiently charging the crime of grand theft in the language hereinabove quoted. Therefore, the endorsements, or certificate, of the justice of the peace made on the back of the said affidavit are hardly material to the present inquiry and do not serve to overcome the *prima facie* validity of the Governor's warrant of extradition.

In Kurtz v. State, this Court held that it is immaterial whether the Governor's warrant of extradition is based on an original affidavit or a copy thereof, when either is presented to the Governor of the State certified to by the Governor of the demanding State as being authentic, and that a fugitive from justice cannot on habeas corpus impeach the validity of the affidavit upon which the requisition was founded if it distinctly charges the commission of a crime. See also Chase v. State, 93 Fla. 963, 113 So. 103, 12th headnote.

There is one other question which has not been raised or argued by counsel for either side, but which we think ought to be disposed of in this opinion. As shown by the

return of the respondents, the jurat to the affidavit made by W. M. Smith on June 26, 1930, and which is evidently the "affidavit made before a California magistrate," referred to in the Governor's warrant, reads as follows:

"Subscribed and sworn to before me this 26th day of June, 1930.

"KENNETH E. MORRISON,
"Justice of the Peace of said Township.
"By MABEL WISEMAN, Clerk."

We have treated this as an affidavit made before a magistrate because the statutes of the State of California, which provide for Justices' Clerks, authorize such clerks to administer oaths, take and certify affidavits, to issue and sign writs, summons and other process in the Justices' court of which they are the clerk, and also authorizes them to issue and sign all certificates to any and all papers, transcripts or records which are required to be issued, signed or certified by justices of the peace. See California Code of Civil Procedure, Sections 101 to 103½, inclusive. In Compton, v. State of Alabama, 214 U. S. I., 29 S. C. 605, 13 L. Ed. 885, it was held that an affidavit made before a Notary Public in Georgia might be regarded as an affidavit made before a magistrate, because under the Georgia law such Notary Public was an *ex officio* justice of the peace, that the Federal statute on the subject of extradition was satisfied, "for that statute must be held to mean that a person may be regarded as a magistrate, before whom the required affidavit can be made, if he is so regarded under the law of the state where the alleged crime was committed." Furthermore, the justice in this particular case appears to have recognized the authority of his clerk to sign his name to

the jurat of the affidavit, by his subsequent action in recognition of the validity and force of the affidavit.

In State, *ex rel.* Melson v. Peeler, 107 Fla. 615, 146 So. 188, it was held that the jurat to an information was legal where the information was sworn to by the county solicitor "before me * * * D. W. Parfitt, Clerk of Criminal Court, by: E. J. Butler, Deputy Clerk."

It was held that the deputy, who was not an officer, acted for and in the name of the clerk, who was an officer, and that this rendered the jurat sufficient. See also in this connection, Ex parte Roselle (Texas), 222 S. W. 248.

We think, therefore, that the affidavit in question might well be deemed an affidavit made before a magistrate within the meaning of the Federal statute.

For the reasons above pointed out, our conclusion is that the *prima facie* validity of the governor's warrant of extradition has not been successfully overcome upon any of the grounds advanced by the petitioner, and that the petitioner should therefore be remanded to the custody of the respondents.

It is so ordered.

Davis, C. J., and Whitfield, Ellis, Terrell and Buford, J. J., concur.