EDDIE CARTER v. J. P. RAMSEY, as Sheriff of Alachua County.

169 So. 483.
Opinion Filed July 13, 1936.
Rehearing Denied August 3, 1936.

*H. C. Baldwin, Zach H. Douglas* and *Parks M. Carmichael,* for Plaintiff in Error;

*Cary D. Landis, Attorney General,* and *Roy. Campbell,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—In this Mr. Chief Justice WHITFIELD, Mr. Justice BROWN and Mr. Justice DAVIS are of the opinion that the judgment of the Circuit Court should be reversed, while Mr. Presiding Justice ELLIS, Mr. Justice TERRELL and Mr. Justice BUFORD are of the opinion that the judgment of the Circuit Court should be affirmed. When the members of the Supreme Court, sitting six members in a body and after full consultation, it appears that the members of the Court are permanently and equally divided in opinion as to whether the judgment should be affirmed or reversed, and there is no prospect of an immediate change in the personnel of the Court, the decree should be affirmed; therefore it is considered, ordered and adjudged under the authority of State, *ex rel.* Hampton, v. McClung, 47 Fla. 224, 37 So. Rep. 51, that the judgment of the Circuit Court in this cause be and the same is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

BUFORD, J.—The writ of error brings for review a judgment in habeas corpus proceedings remanding petitioner to custody for the execution of a warrant of extradition to the State of Georgia.

The defense to the execution of the warrant was that the accused was not in the State of Georgia at the time

the alleged offense was committed. The affidavit attached to the requisition of Governor Talmadge of Georgia alleges the offense to have been committed on the 28th day of March, 1936, in Clinch County, Georgia. There was evidence produced, however, showing that offense was committed on the 22nd day of March, 1936, and an affidavit was made before the Judge of the County Court of Clinch County, Georgia, by the alleged victim on March 23rd, 1936, charging the accused with the commission of the offense on the 22nd day of March, 1936. The accused admitted that he was in Clinch County, Georgia, at the home of the alleged victim on the 22nd day of March, 1936. So the evidence fails to establish the fact that the accused was not at the place the crime was alleged to have been committed when the crime was committed, if the crime was committed.

During the progress of the hearing one J. H. Ellis was introduced as a witness. He testified that he made an affidavit before the Judge of the County Court of Clinch County, Georgia, on the 23rd day of March, 1936, in words and figures as follows:

"GEORGIA, CLINCH COUNTY.

"Personally came Joseph H. Ellis, who on oath sayeth that Eddie Carter did on the 22nd day of March in the year 1936, in the County aforesaid, commit the offense of burglary and this deponent makes this affidavit that a warrant may issue for his arrest.

"JOSEPH H. ELLIS.

"Sworn to and subscribed before me this 23rd day of March, 1936.

"E. J. SMITH,
"Judge, County Court, Clinch County, Georgia.
"(SEAL)."

Ellis testified that he signed the affidavit which was exhibited and introduced in evidence over the objection of the petitioner. Petitioner contends that the judgment should be reversed because of the error committed in allowing the introduction of the affidavit. We see no reversible error in this action. The whole matter was before the Court and the sole question to be determined was whether or not the accused was in Clinch County, Georgia, at the time the crime was committed, if the crime of burglary was committed.

It is true that the affidavit attached to the warrant of extradition alleged the offense to have been committed on the 28th day of March, but the evidence before the Circuit Judge shows that the offense, if committed at all, was committed on the 22nd day of March, 1936. That the offense was committed on the 22nd day of March, 1936, could be proved under an affidavit charging the offense to have been committed on the 28th day of March, 1936, is beyond question. So it appears that the accused failed to meet the burden of proving that he was not in the demanding jurisdiction at the time the crime was allegedly committed.

ELLIS, P. J., and TERRELL, J., concur.

BROWN, J.—The return of the sheriff is based upon the warrant of the Governor of this State commanding the apprehension and arrest of the petitioner and his delivery to the designated agent of the State of Georgia empowered to receive and take him to that State to be surrendered to the legal authorities thereof. The said warrant of extradition thus issued by the Governor of this State, is perfectly legal and valid upon its face. It recites that the executive authority of the State of Georgia has produced and filed with the executive authority of the State of Florida a copy of affidavit made before a Georgia magistrate charging the

said person so demanded, Eddie Carter, with having committed in the State of Georgia against the laws of said State, the crime of burglary, "and is certified as authentic by the Governor of the said State of Georgia." The record shows that the Governor's warrant of extradition was predicated upon an affidavit sworn to before a Georgia officer on March 29, 1936, and alleged the crime to have been committed on March. 28, 1936, which affidavit was certified by the Governor of Georgia to be authentic. Said affidavit is as follows:

"GEORGIA, CLINCH COUNTY.

"Personally came J. H. Ellis, who on oath saith that EDDIE CARTER did on 28th day of March in the year 1936, in the county aforesaid, commit the offense of Burglary, for that the said accused did break and enter the dwelling house of affiant with intent to commit a larceny therein; and this deponent makes this affidavit that a warrant may issue for his arrest.

"J. H. ELLIS.

"Sworn to and subscribed before me this the 29th day of March, 1936.

"E. J. SMITH,
"Judge, County Court, Clinch County, Georgia."

The foregoing affidavit is certified to as being on file in the office of the Clerk of the Superior Court of Clinch County, Georgia, by the Clerk of said Court, and is also certified to by the Solicitor General of the Circuit, which documents are attached to the requisition of the Governor of Georgia, all of which he certifies to be authentic.

Upon the trial of this habeas corpus proceeding before the Circuit Judge, the petitioner introduced testimony showing that he was not in the State of Georgia on the 28th day of March, 1936; that he left Clinch County, Georgia, on

March 22, 1936, and came immediately to Florida and had not been back since that date. Therefore, he could not have been a fugitive from justice insofar as any crime committed on March 28th in Clinch County, Georgia, was concerned. The petitioner's testimony in this regard was supported by the testimony of several local Florida witnesses.

Thereupon, over timely objection of the petitioner, J. H. Ellis was permitted to testify that he made an affidavit on March 23, 1936, charging the petitioner with committing burglary in Clinch County, Georgia, on March 22, 1936, which affidavit he produced, and it reads as follows:

"GEORGIA, CLINCH COUNTY.

"Personally came Joseph H. Ellis, who on oath sayeth that Eddie Carter did on the 22nd day of March in the year 1936, in the county aforesaid, commit the offense of burglary, and this deponent makes this affiadvit that a warrant may issue for his arrest.

"JOSEPH H. ELLIS.

"Sworn to and subscribed before me this 23rd day of March, 1936.

"E. J. SMITH,
"*Judge County Court, Clinch County, Georgia..*
"(SEAL)."

It will be noted that this affidavit differs from the one certified by the Governor of Georgia to be authentic, not only as to the date on which the crime was alleged to be committed, but it also differs in the language by which the offense is described.

Counsel for petitioner objected to the introduction in evidence of the foregoing affidavit upon the grounds that it was not authenticated as required by the law of extradition; that there was no affidavit authenticating the signature of the Judge of the County Court of Clinch County; that the

paper offered in evidence shows upon its face that it was an original paper and that there was nothing to show that the custodian of the paper was the proper custodian, or that the paper was legal and originated from a legal source sufficient to be recognized by the Florida court as an affidavit charging the person with the commission of an offense against the laws of the State of Georgia, and that said affidavit was not relevant to the issue involved in the habeas corpus proceeding.

The effect of the Circuit Judge's ruling in permitting the introduction of this unauthenticated affidavit, and, upon the strength of it, remanding the petitioner to the custody of the sheriff, would be to permit the extradition of persons from this State for trials in other States upon affidavits made before committing magistrates of other States which are not certified as being authentic by either the Governor of the demanding State or the Governor of the asylum State. It would change the entire law of extradition, contrary to the Act of Congress.

In the recent case of State, *ex rel.* Florio, v. McCreary, 123 Fla. 9, 165 So. 904, it was held that certain affidavits and a copy of an information apparently executed in the State of Connecticut, were not admissible in a habeas corpus proceeding testing the sufficiency of extradition proceedings on the ground that none of such papers had been certified by the executive of the demanding State to the executive of this State as being authentic.

It is well settled that even where the Governor's warrant of extradition is valid and legal upon its face, and was predicated upon a valid requisition from the Governor of the demanding State accompanied by a copy of an indictment found or an affidavit made before a magistrate substantially charging the person demanded with a crime against the law of the demanding State, duly certified as authentic

by the Governor of the demanding State, nevertheless the petitioner will, upon habeas corpus proceedings, be entitled to his discharge if he can show to the court that he was not bodily present in the demanding State at the time the offense was alleged to have been committed, and such allegation as to time must have been the allegation as made in the documents thus required by the Act of Congress to be certified to as authentic by the Governor of the demanding State. If the petitioner in habeas corpus can make this showing, and prove by competent evidence, as was done in this case, that he was not bodily present in the demanding State at the time the offense was so alleged to have been committed, he is not a fugitive from justice within the meaning of the extradition statute and is entitled to be discharged. See Chase v. State, 93 Fla. 963, 113 So. 193, 54 A. L. R. 271; State, *ex rel.* Peck, v. Chase, 91 Fla. 413, 107 So. 541; Mitchell v. Stoutamire, 113 Fla. 822, 152 So. 629, and State v. McCreary, *supra.*

WHITFIELD, C. J., and DAVIS, J. J., concur.