(No. 26600.—
THE PEOPLE *ex rel.* Carl Silver, Appellant, *vs.* THOMAS J. O'BRIEN, Sheriff, Appellee.

*Opinion filed September 21, 1942.*

JULIUS REZNIK, for appellant.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JAMES V. CUNNINGHAM, WALTER L. McCOY, and BENJAMIN WOODALL, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Carl Silver was arrested as a fugitive from justice by the authority of a governor's warrant issued upon the demand of the Governor of Texas. Seeking relief from his detention by the sheriff of Cook county, Silver filed a petition in the criminal court of Cook county for a writ of *habeas corpus.* A hearing upon the petition and the sheriff's return thereto resulted in a dismissal of the petition and Silver, the relator, was remanded to the custody of the sheriff, the respondent. The relator prosecutes this appeal.

From the warrant of the Governor of Illinois, introduced in evidence, it appears that the relator was charged with the crime of conspiracy to pass as true a forged instrument in Webb county, Texas, on February 3, 1937, an offense which the Governor of Texas certifies to be a crime under the laws of his State. The indictment charged that anterior to its presentment the relator and three others, on or about February 3, 1937, in Webb county, Texas, unlawfully conspired, combined, confederated and entered into a positive agreement with each other unlawfully, knowingly and fraudulently to pass as true a forged instrument in writing, namely, a gold debenture of the American Telephone and Telegraph Company having a par value of $1000, which the four named conspirators then and there knew to be forged. The second count charged the relator and his co-defendants illegally conspired to have in their possession with fraudulent intent to use and pass as true a forged instrument which they knew to be forged. Upon motion of two of the four defendants, a change of venue was taken from the district court of Webb county to the district court of Wilson county, Texas. A *capias* was then issued by the clerk of the district court of Wilson county commanding Silver's arrest and his production before the district court of Wilson county to answer the indictment. Subsequent to the change of venue, the county attorney of Wilson county applied to the Governor of Texas for a requisition for the apprehension and rendition of Silver.

To obtain a reversal of the judgment against him, the relator contends that the indictment fails to charge a crime against the laws of Texas. He argues that the indictment fails to affirmatively allege that the defendant "knew" the instrument was a forgery at the time of the formation or during the existence of the conspiracy, on or about February 3, 1937. It is urged that the allegation of "knowledge" can as well relate to a time "anterior to the presentment" of the indictment which, it is suggested, might be after the

termination of the conspiracy as to the specific time charged. Accordingly, the relator insists that it is impossible to determine from the face of the indictment when the "knowledge" of the forgery attached to the defendants with respect to their alleged conspiracy to pass the forged debenture. Recourse to the indictment discloses that relator's contention is without merit. Both counts charge that relator and his three co-defendants "then and there," at the time of the conspiracy to pass the forged instrument, knew it was forged. The indictment appears to be in substantial conformity with the laws of the State in which it was returned. Under such circumstances, its sufficiency, as a matter of technical pleading, will not be inquired into on an application for a writ of *habeas corpus* to determine the lawfulness of the detention of an alleged fugitive from justice. *People ex rel. Lyman* v. *Smith,* 352 Ill. 496; *People ex rel. Kahn* v. *Meyering,* 348 id. 486.

Relator also asserts that the certification of the judicial proceedings of the district court of Webb county, Texas, by the clerk of the district court of Wilson county creates a fatal defect on the face of the extradition papers sufficient to invalidate the warrant. Upon the change of venue from Webb county, the indictment and other documents were transmitted as court records to the clerk of the district court of Wilson county. Thereafter, the indictment was treated as though it originated in Wilson county. No valid reason appears for challenging the authority of the clerk of the district court of Wilson county to certify the proceedings, including the indictment voted in Webb county. The Governor of the demanding State has certified the extradition papers as being duly authenticated, and, for the purposes of the present action, his certification is sufficient. *People ex rel. Carr* v. *Murray,* 357 Ill. 326; *People ex rel. Stevens* v. *Meyering,* 349 id. 198; *Lacondra* v. *Hermann,* 343 id. 608.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*