**UNITED STATES ex rel. SILVER v. O'BRIEN, Sheriff.**

No. 8306.

Circuit Court of Appeals, Seventh Circuit.
Oct. 26, 1943.
Rehearing Denied Nov. 15, 1943.

W. G. Anderson, Abraham Teitlebaum, and Francis J. Callahan, all of Chicago, Ill. (John D. Vosnos, of Chicago, Ill., of counsel), for appellant.

Thomas J. Courtney and James V. Cunningham, States Attys., both of Chicago, Ill., Gerald C. Mann, Atty. Gen., State of Texas (Edward E. Wilson and George McMahon, Asst. State's Attys., both of Chicago, Ill., of counsel), for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

Appellant, Carl Silver, was arrested by the Sheriff of Cook County, Illinois, on a rendition warrant issued by the Governor of the State of Illinois on the requisition of the Governor of the State of Texas. A habeas corpus writ was issued by the Criminal Court of Cook County, Illinois. That court heard the cause, dismissed the writ, and remanded the appellant to the custody of the sheriff. The Supreme Court of Illinois affirmed, 380 Ill. 500, 44 N.E.2d 152. Thereafter he filed his petition for and a

habeas corpus writ was issued by the District Court.

In response to the writ, the sheriff submitted a copy of the rendition warrant and of the requisition issued by the Governor of the State of Texas. In the rendition warrant, the Governor of the State of Illinois certifies that he is satisfied that Carl Silver, a fugitive from justice, has fled from the State of Texas and has taken refuge in Illinois.

To the return of the sheriff, the appellant filed his traverse and answer, asserting that the requisition papers submitted to the Governor of Texas were insufficient as a matter of law. Attached to and made a part of his answer, is a certified copy of all the papers certified to the Governor of Illinois by the Governor of Texas. These include, inter alia, a copy of an indictment charging appellant with a felony—the crime of conspiracy to pass as true a forged instrument in Texas, on or about February 3, 1937, an offense which the Governor of Texas certifies to be a crime under the laws of his State; the warrant of arrest issued thereon; and the verified application for the requisition made to the Governor of Texas by the County Attorney, who swears that the facts stated in the indictment are true, and that after the commission of the offense, and before an arrest could be made, Carl Silver fled from justice of the State of Texas and is a fugitive from justice.

A hearing was had before the District Court, which included the taking of testimony consisting of evidence on the question of the presence of the appellant in, or his absence from, the State of Texas. This testimony, however, has not been certified to this court. The writ was dismissed, the appellant remanded to the custody of the sheriff, and from that judgment he appeals.

In our view, the only question that we need to discuss is appellant's contention that the Governor of Texas was without jurisdiction to make a valid requisition upon the Governor of Illinois and that the Governor of Illinois was without jurisdiction to honor the requisition.

■ Unquestionably, the source of all authority for the extradition of an alleged fugitive from justice from one state to another is found in Art. IV, Sec. 2, clause 2 of the Constitution of the United States, which is not self-executing, but is made effective by Section 5278 of the Revised Statutes, 18 U.S.C.A. § 662, construction of which has frequently been before the Supreme Court and construed as placing the burden upon the governor of the asylum state to determine, before complying with the demand, (a) whether the person demanded is substantially charged with a crime and (b) whether he is a fugitive from justice. The first is a question of law and the second is a question of fact, which the governor, upon whom the demand is made, must decide, upon such evidence as is satisfactory to him. Strict common-law evidence is not necessary, and the statute does not prescribe the character of such proof, nor how it shall be authenticated. Roberts v. Reilly, 116 U.S. 80, 6 S. Ct. 291, 29 L.Ed. 544; Ex parte Reggel, 114 U.S. 642, 5 S.Ct. 1148, 29 L.Ed. 250; Munsey v. Clough, 196 U.S. 364, 25 S.Ct. 282, 49 L.Ed. 515; United States ex rel. Darcy v. Superintendent of County Prisons of Philadelphia, 3 Cir., 111 F.2d 409. The requisition, with its accompanying affidavit, together with the Governor's rendition warrant, are all to be considered as evidence and make a prima facie case against the accused, and upon him lies the burden of overcoming it. Munsey v. Clough, supra, 196 U.S. at page 373, 25 S.Ct. at page 284, 49 L.Ed. 515.

■ It is true that before the Governor of Texas could legally issue a requisition upon the Governor of Illinois, it was necessary that proof of appellant's physical presence in the State of Texas on the date alleged in the indictment be submitted to the Governor of Texas. This concession, however, does not, upon the record here, aid the appellant.

■ In our case, there is no evidence that the alleged fugitive had not actually been in the State of Texas at the time of the commission of the alleged crime. But here we have an indictment charging the appellant with having committed a crime against the laws of the State of Texas; the verified application for the requisition certifying that after the commission of the offense, and before an arrest could be made, Carl Silver fled from justice of the State of Texas; and the certificate of the Governor of the State of Illinois stating that he is satisfied that the appellant is a fugitive from justice and has fled from the State of Texas. Thus it is clear that the extradition documents submitted to the Governor of Texas and certified to by him as being duly authenticated, met the re-

quirements enunciated by the Supreme Court, and made a prima facie case of fugitivity. It is also clear that the Governor of Illinois was satisfied that the appellant was a fugitive from justice and had fled from the State of Texas. We perceive no error in the judgment of the District Court. The judgment is affirmed.