# SUPREME COURT — SPECIAL TERM — NEW YORK.

## July, 1920.

## PEOPLE EX REL. MacSHERRY v. ENRIGHT.

HABEAS CORPUS—WHEN WRIT OF, DISMISSED—EXTRADITION—RENDITION WARRANT—CRIMINAL LAW.

Relator, against whom an information charging him with the crime of conspiracy to defraud and attempted grand larceny had been filed in a court of competent jurisdiction in the State of Florida, was arrested on a rendition warrant issued by the Governor of the State of New York upon the requisition of the Governor of the State of Florida.   *Held*, that the information contained in the requisition papers being sufficient to charge the relator with crime and to require his extradition to the demanding state, a writ of habeas corpus issued upon his petition will be reversed and relator remanded in execution of the rendition warrant.

HABEAS CORPUS proceedings.

*H. J. & F. E. Goldsmith,* for writ.

*Edward Swann, District Attorney (Felix C. Benvenga,* of counsel), opposed.

BURR, J.:

The relator, Frank MacSherry, was taken into custody under a rendition warrant issued by the governor of the State of New York upon the requisition of the governor of the State of Florida. The rendition warrant called for the arrest of Frank MacSherry, alias, etc. It recited that it had been represented by the governor of the State of Florida that said MacSherry stood charged in that state with the crime of conspiracy to defraud and attempted grand larceny; that he had fled therefrom and taken refuge in the State of New York, and was a fugitive from the justice of the State of Florida. This warrant directed his arrest and surrender to the agent of the State of Florida. The relator, having been arrested under this warrant, sued out a writ of habeas corpus, claiming he was not properly charged with crime, and that his detention under the governor's rendition warrant was illegal. The police commissioner, upon whom the writ was served, made return to the writ, setting forth the governor's warrant as the cause of detention. The requisition papers upon which the governor of this state based his rendition warrant were submitted to the court by the relator. They show the charge of crime by " information " filed in the Criminal Court of Record for Hillsborough county, Florida, by the county solicitor for that county, and that there are three separate and distinct " informations " on file against the relator. Counsel for the relator, on the assumption that the documents charging the relator with crime were " affidavits," contends that inasmuch as they were upon " information and belief " such affidavits were insufficient to sustain a charge of

crime. The charge of crime, however, is based upon "informations" filed by a prosecuting officer, and not upon affidavits, as contended for by the relator, and the objection that an affidavit which charges the commission of a crime upon information and belief, without stating the sources of the information or the grounds of belief, is insufficient as a charge of crime, does not apply where the charge is by "information." Where the charge is by "information," its sufficiency as a pleading is governed by the rules relating to the sufficiency of indictments. The United States Constitution (art. IV, § 2) provides that: "A Person charged in any State with Treason, Felony or other Crime, who shall flee from Justice and be found in another State, shall, on demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime." This provision was held not to be self-executing, and it becomes necessary to provide by law the mode of carrying it into execution. Accordingly, an act of Congress was passed in 1793 (vid. Kentucky v. Dennison, 65 U. S. [24 How.] 66, 103, 104), which was substantially reproduced in United States Revised Statutes (§ 5278) as follows: "Whenever the executive authority of any state or territory demands any person as a fugitive from justice of the executive authority of any state or territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any state or territory, charging the person demanded with having committed treason, felony or other crime, certified as authentic by the governor or chief magistrate of the state or territory from whence the person so charged has fled, it shall be the duty of the executive authority of the state or territory to which such person has fled to cause him to be given to the executive authority making such demand or to the agent of such authority appointed to receive the fugitive and to cause the fugitive to be delivered to such agent when he shall appear. * * *" It will be observed that the constitutional

provision requires the surrender of a person " charged " with crime, and that the statute requires that the requisition be accompanied by an authenticated copy of the indictment or affidavit made before a magistrate, showing that the person demanded is " charged " with crime. The statute does not use the term " information." The question, therefore, arises whether the requisition, accompanied by copies of the " information," charging the relator with crime is a sufficient compliance with the statute. It has been held that where the offense is charged in that manner it does conform with the statutes and affords sufficient evidence that the person demanded is charged with crime. (Matter of Hooper, 52 Wis. 699; People v. Stockwell, 135 Mich. 341; Mark v. Browning, 115 Pac. Rep. [Utah] 275; Morrison v. Dwyer, 143 Iowa, 502, 1064, and cases cited.) In the Hooper Case .(supra), the court said: " I think, however, the evidence of the charge by ' information ' is a sufficient compliance with the law of congress. The intent of that law, obviously, is that the charge must be made in the regular course of judicial proceedings, in the form of an information filed by the proper law officer, an indictment or other accusation known to the law of the state in which the offense is committed. (Kentucky v. Dennison, supra; State v. Hufford, 28 Iowa, 391.) Each state has an undoubted right to regulate the forms of pleadings and process in her own courts, in criminal as well as civil cases, and is not bound to conform to those of any other state. (Taney, C. J., in Kentucky v. Dennison.) Presumably the state of Kansas has authorized its courts to hear, try and determine prosecutions for crimes by information, as the state has done. The constitution of the United States does not prescribe the form in which. the charge must be made; and while the act of congress speaks of an ' indictment found or an affidavit made before a magistrate,' etc., yet I do not think it was intended to exclude a case where the charge is in the form of a criminal information. In this state all offenses are triable by information filed by the district attor-

ney of the proper county; and I do not feel authorized in holding that where the offense is charged in that manner it does not conform to the law of congress, nor afford sufficient evidence that a person is charged with the commission of a crime within the meaning of the act. I therefore think it appears from the face of the warrant that a legal accusation or criminal charge in a judicial proceeding is pending against the petitioner in the state of Kansas, which authorizes his arrest in this state and removal to that state for trial." Neither the courts of this state nor the United States Supreme Court have directly passed upon the question whether an " information " is a sufficient charge of crime under the statute. But the cases of Matter of Strauss, 197 U. S. 324, and Compton v. Alabama, 214 id. 1, would seem to justify the conclusion that a charge by " information " conforms with the statute. In the Strauss Case (supra), the charge was made by " affidavit." It was contended that the constitutional provision for the extradition of persons " charged with treason, felony or other crime " required that the charge must be pending in a court having jurisdiction to try the defendant, and did not include one before a committing magistrate, who can only discharge or hold for trial before another tribunal. The court did not agree with this contention. Mr. Justice Brewer said: " But why should the word ' charged ' be given a restricted interpretation? It is found in the Constitution, and ordinarily words in such an instrument do not receive a narrow, contracted meaning, but are presumed to have been used in a broad sense, with a view of covering all contingencies. * * * Under the constitution each state was left with full control over its criminal procedure. No one could have anticipated what changes any state might make therein, and doubtless *the word ' charged ' was used in its broad significance to cover any proceeding which a state might see fit to adopt by which a formal accusation was made against an alleged criminal.* * * * Why should the state be put to the expense of a grand jury and an indictment before securing

possession of the party to be tried? It may be true, as counsel urge, that persons are sometimes wrongfully extradited, particularly in cases like the present; that a creditor may wantonly swear to an affidavit charging a debtor with obtaining goods under false pretences. But it is also true that a prosecuting officer may either wantonly or ignorantly file an information charging a like offense. But who would doubt that an information, where that is the statutory pleading for the purposes of trial, is sufficient to justify an extradition? Such possibilities as these cannot be guarded against. While courts will always endeavor to see that no such attempted wrong is successful, on the other hand care must be taken that the process of extradition be not so burdened as to make it practically valueless. It is but one step in securing the presence of the defendant in the court in which he may be tried, and in no manner determines the question of guilt." (Pp. 330-333.) In my opinion the constitutional provision and the act of congress is sufficiently complied with if the demand for extradition is accompanied either (1) by indictment, or (2) by affidavit, or (3) by information. In the instant case the documents which charge the relator with crime are not " affidavits." They are, in fact, the " informations " filed by the county solicitor, and signed by him as county solicitor, and are so indorsed. The mode of prosecution by information is said to be as ancient as the common law itself. (Joyce Indictments, § 7.) The right to make the information was, under the English law, in the attorney-general, or during a vacancy of his office, in the solicitor-general. These officers acted as of right in the exercise of official discretion and filed the information without leave of court. (1 Bishop New Crim. Pro. [2d ed.], § 142.) In this country the powers which in England were exercised by the attorney-general and the solicitor-general are largely distributed among district and prosecuting attorneys. They also act as a matter of right and without leave of court. (1 Bishop, § 144.) An information differs radically from an affidavit. It resembles an indictment,

and differs from it only in being presented by a competent public officer on his oath of office, instead of by a grand jury on their oath. (1 Bishop, § 141; 1 Whart. Crim. Pro. [10th ed.], § 128; Joyce Indictments, § 6.) Excepting mere formal parts, at the beginning and close, it is precisely like an indictment. (1 Bishop, §§ 146, 147; 2 id. §§ 712, 713; 1 Whart. § 128.) Indictments and informations are tested by the same rules so far as the substantial description of the offense is concerned. (10 Encyc. Pl. & Pr. 472; 1 Whart., § 128.) It has been repeatedly held that in an extradition proceeding the technical sufficiency of an indictment as a pleading will not be examined. The indictment will only be examined to the extent of ascertaining whether it substantially charges a crime—whether its allegations are good in substance. Its technical accuracy as a pleading will be left to the tribunals of the demanding state in which it was found and is pending (Drew v. Thaw, 235 U. S. 432, 439; Pierce v. Creecy, 210 id. 387, 404, 405; People ex rel. Hamilton v. Police Comr., 100 App. Div. 483; People ex rel. Himmelstein v. Baker, 137 id. 824, 825, 24 N. Y. Crim. 462.) The rule in cases where extradition is sought on affidavits is stricter, for there the accusation is of an *ex parte* individual accuser. In such cases the affidavits will be more critically examined to see whether the facts alleged constitute a crime. (People ex rel. Lawrence v. Brady, 56 N. Y. 182, 188, 190, 191; People ex rel. Himmelstein v. Baker, 137 App. Div. 824, 825; Davis's Case, 122 Mass. 324, 329, 330.) If the affidavit charges the commission of crime upon information and belief, without stating the sources of the information or the grounds of belief, it would be deemed insufficient as a basis of extradition. (Vid. People ex rel. Cornett v. Warden, 60 Misc. Rep. 525.) In the instant case, as previously stated, the bases of the extradition are the "informations" filed by the prosecuting attorney. They charge the crime with technical accuracy, and are amply sufficient. They are verified by the affidavit of the prosecuting

attorney.    Under the English practice it was necessary for the informing officer to sign the information before he filed it, but it was not verified by his affidavit.    In this country the prosecuting officer need not swear to an information which he officially tenders unless the statute so directs.    (2 Bishop, § 713.)    Apparently the statute of Florida requires such an oath.    Counsel for relator contends that since the oath is upon information and belief, it is insufficient.    The prosecuting attorney swears that the allegations of the information " are based upon facts that have been sworn to as true."    (Vid. requisition papers.)    The oath is not, strictly speaking, on information and belief.    But even if it were, it would not render the information bad as a pleading.    And this has been repeatedly held.    (State v. Stewart, 274 Mo. 649; State v. Anderson, 252 id. 83; State v. Swearengin, 234 id. 549; State v. McCullough, 101 Kan. 52; State v. Stoffel, 48 id. 364; State v. Whisner, 35 id. 271; State v. Clark, 34 id. 289; State v. Donaldson, 12 S. D. 259; Sharp v. State, 61 Neb. 187; State v. Hazledahl, 2 N. D. 521; People, etc., v. Viskniskki, 255 Ill. 384.)    In State v. Stewart (supra) the court said: " The verification of the information by the prosecuting attorney is alleged to be insufficient.    In substance, it states that the prosecuting attorney, upon his oath, says that the facts stated in the information are true according to his best information and belief.    This is in compliance with the statute (section 5057, R. S., 1909), and is not subject to valid objection.    If an information is attested by a private person, it is necessary for the oath attached to be made upon actual knowledge, such as would authorize the affiant to testify as a witness.    Made by the prosecuting attorney, however, it may be based upon such information as he may feel warranted in believing and relying upon.    (State v. Temple, 194 Mo. 241; State v. Gregory, 178 Mo. 55.)    This contention is therefore without merit."    The reasons for the rule are stated in Sharp v. State (supra) and State v. Donaldson (supra).    In the Sharp case the court said:

" The verification of the information, which was by the county attorney, was upon information and belief only. This is urged as error, a motion to quash for that reason having been overruled. We do not think there was any error in the ruling. The conclusion reached in Richards v. State (22 Neb. 145, 34 N. W. 346) is to the contrary. It is contended that this part of the decision is a *dictum*. We cannot agree with counsel, and are satisfied with the rule. It would be unreasonable to require prosecuting officers to verify such pleadings positively, as it is not to be presumed that they have personal knowledge of the facts therein alleged. Except in extremely rare instances, a prosecuting officer acts solely upon the evidence of third parties —at most he can have only an opinion or belief of the truth of the allegations. Such opinion or belief may have for its base the evidence of witnesses, yet it is an opinion or belief only. It was certainly not the intention of the Legislature that he should verify informations only in cases where he had personal knowledge of the facts alleged. His statement in an affidavit that the facts alleged are true, when such statement is based solely upon evidence derived from other sources than his personal knowledge, is as much an opinion, a belief, as would be his statement that he ' believed ' the allegations to be true. In either form it would be an opinion only, in ninety-nine cases out of a hundred, unless we infer that the Legislature intended to restrict the power of the prosecuting officer to cases only where he had personal knowledge of the facts. The verification is sufficient in that form, if made by the prosecuting officer (Washburn v. People, 10 Mich. 372, 1 Bish. New Cr. Proc., § 713, and cases cited)." The constitutional provision regarding extradition from one state to another was adopted to promote justice, to aid the states in enforcing their laws, and not to shield malefactors. The Supreme Court of the United States has emphatically announced its adherence to the doctrine that a faithful and vigorous enforcement of the provisions relating to fugitives from justice is vital to the harmony and welfare

of the state, and that, while a state should take care that the rights of its people are protected against illegal action, both it and the judicial authorities throughout the Union should equally take care that the provisions of the Constitution be not so narrowly interpreted as to enable offenders against the laws of a state to find a permanent asylum in the territory of another state.     The action of the Governor in issuing his warrant should not be nullified by the courts, unless it conclusively appears that the accused is not a fugitive from justice and that the issuance of the warrant was in plain contravention of law. (Appleyard v. Massachusetts, 203 U. S. 222; McNichols v. Pease, 207 id. 100; Compton v. Alabama, 214 id. 18; Matter of Strauss, 197 id. 324; Munsey v. Clough, 196 id. 364; Comm. ex rel. Flower v. Superintendent, 220 Penn. St. 401.)     The information contained in the requisition papers sufficiently charges the relator with crime and requires his extradition to Florida.     The writ of habeas corpus is dismissed and the relator remanded to custody in execution of the Governor's rendition warrant.

Writ dismissed.