No. 39,085

THOMAS H. RYAN, *Appellant,* v. SHERIFF OF LEAVENWORTH COUNTY, KANSAS, *Appellee.*

(259 P. 2d 172)

Opinion filed July 6, 1953.

*Thomas H. Ryan,* pro se, of Leavenworth, was on the briefs for the appellant.

*Harold R. Fatzer,* attorney general, and *Thomas M. Evans,* assistant attorney general, both of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an appeal from an order of the district court denying a writ of habeas corpus. Appellant contends that he was rushed into the district court hearing without having time to obtain corroborating evidence to substantiate and clarify his contentions. This appears to be an afterthought. The record clearly discloses that he did not ask the district court for time and there was no motion, either oral or written, asking delay for any purpose.

The record as a whole discloses that in 1939 he was arrested and charged in the superior court of the county of San Francisco, California, with the crime of robbery in the first degree; that he was in a mental institution for six or seven months and was thereafter tried, found guilty and sentenced, and was later paroled; that in 1949 he was arrested at Tucson, Ariz., by the federal government for violation of the Narcotics Act and sentenced to four years in the federal penitentiary at Leavenworth, Kansas. He was released from there on January 22, 1953, and was taken into custody by the sheriff under a governor's extradition warrant, in due form, which had been issued at the request of the governor of California for the violation of his parole. In his petition for the writ before the trial court he contended that he was wrongfully convicted in California, and that is not a matter which could be investigated and determined in a habeas corpus proceedings in this state. The proceedings before the trial court were taken by a court reporter, transcribed, and the transcript is before us. The petitioner contended that his real

point is that on two occasions the Adult Parole Authorities of California knew where he was and did not pick him up for violation of his parole, and therefore waived its right to do so—once when he was arrested by the police in San Francisco in 1948 and again when he was arrested in 1949 at Tucson, Ariz. There is no indication, however, other than his statement, that the Adult Parole Authorities of California knew where he was and were making any effort to take him into custody on either of those occasions. The trial court expressed the view that his uncorroborated testimony with respect to those matters was insufficient to justify his release. There was no error in that ruling. (See, *Scott v. Hudspeth*, 171 Kan. 320, 232 P. 2d 464.) It is not the province of the Kansas courts to go behind the governor's warrant to inquire into alleged irregularities in the courts of the demanding state. (See, *Powell v. Turner*, 167 Kan. 524, 207 P. 2d 492, certiorari denied 338 U. S. 835, 70 S. Ct. 41, 94 L. Ed. 509.) Appellant also contends that he was a federal prisoner on parole or probation for eleven months and that he could not be picked up on a state charge during that time. That fact must be raised by the federal authorities and cannot be raised by appellant. (See, *In re Andrews*, 236 Fed. 300.)

We find no error in the record. The judgment of the trial court is affirmed.