THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANDREW MATOCHIK, Appellant, against EDGAR J. BAKER, as Sheriff of Warren County, Respondent.

Argued April 17, 1953; decided July 14, 1953.

*John S. Hall* for appellant. I. The right of interstate extradition is founded on and controlled by the Federal Constitution and effectuating Federal statute. (*Holmes* v. *Jennison,* 14 Pet. [U. S.] 540; *Kentucky* v. *Dennison,* 24 How. [U. S.] 66; *Jack* v. *Martin,* 12 Wend. 311; *Prigg* v. *Pennsylvania,* 16 Pet. [U. S.] 539; *United States* v. *Meyering,* 75 F. 2d 716; *Matter of Strauss,* 197 U. S. 324; *People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182; *Compton* v. *Alabama,* 214 U. S. 1.) II. The courts of this State will look behind the warrant and if the papers on which it is based do not fulfill the requirements of the Federal statute, relator will be discharged. (*People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182; *People ex rel. Pahl* v. *Hagerty,* 261 App. Div. 1049; *People ex rel. Kubiak* v. *Zimmerman,* 226 App. Div. 589; *United States* v. *Meyering,* 75 F. 2d 716; *Ex Parte Thornton,* 9 Tex. 635; *Ex Parte Hogan,* 245 S. W. 336 [Mo.]; *People ex rel. Lipshitz* v. *Bessenger,* 273 App. Div. 19; *State of Florida ex rel. Beck* v. *Chase,* 91 Fla. 413; *People ex rel. Brown* v. *Tighe,* 146 App. Div. 491; *People ex rel. Higley* v. *Millspaw,* 281 N. Y. 441.) III. The papers upon which the Governor of the State of New York issued the warrant of arrest were defective in substance and should not have been the basis of the issuance of said warrant. (*People ex rel. de Martini* v. *McLaughlin,* 243 N. Y. 417; *People ex rel. Cornett* v. *Warden of City Prison of Brooklyn,* 60 Misc. 525; *People ex rel. Lawrence* v. *Brady,* 56 N. Y. 182; *Ex Parte Hart,* 63 F. 249; *Robb* v. *Connolly,* 111 U. S. 624; *People ex rel. Corkran* v. *Hyatt,* 172 N. Y. 176, 188 U. S. 691; *United States* v. *Meyering,* 75 F. 2d 716.) IV. The result of the decision in the courts below is to change the existing law rather than to interpret that law. If the law is to be changed, it should be changed by the Legislature and not by the courts. (*Anderson* v. *Wilson,* 289 U. S. 20; *Iselin* v. *United States,* 270 U. S. 245; *Meltzer* v. *Koenigsberg,* 302 N. Y. 523.)

*J. Clarence Herlihy, District Attorney of Warren County, New York,* on behalf of *W. Edson McKee, State's Attorney for Washington County, Vermont,* for respondent. I. The only

restriction imposed upon the States in interstate rendition would appear to be that the individual States may not limit or modify the Federal law. (*Kentucky* v. *Dennison,* 24 How. [U. S.] 66; *Gerrish* v. *State of New Hampshire,* 97 F. Supp. 527; *Compton* v. *Alabama,* 214 U. S. 1; *People ex rel. MacSherry* v. *Enright,* 112 Misc. 568, 196 App. Div. 964; *People ex rel. Hollander* v. *Britt,* 195 Misc. 722, 276 App. Div. 815.) II. The papers upon which the Governor of the State of New York issued the warrant for the arrest of appellant are valid and proper in form and substance. (*Compton* v. *Alabama,* 214 U. S. 1; *Matter of Strauss,* 197 U. S. 324; *People ex rel. MacSherry* v. *Enright,* 112 Misc. 568, 196 App. Div. 964; *People ex rel. Hollander* v. *Britt,* 195 Misc. 722, 276 App. Div. 815; *State* v. *Moeller,* 191 Minn. 193; *Ex Parte Nash,* 44 F. 2d 403; *Ex Parte Davis,* 68 Cal. App. 2d 798; *Stark* v. *Livermore,* 3 N. J. 94; *Guiley* v. *Appli,* 213 Ark. 350; *People ex rel. Higley* v. *Millspaw,* 281 N. Y. 441; *Matter of Strauss,* 197 U. S. 324.)

FROESSEL, J. This is a habeas corpus proceeding instituted by relator, Andrew Matochik. It was brought to test the legality of his arrest as a fugitive from justice, under a warrant of extradition issued by the Governor of New York State in compliance with a requisition from the Governor of Vermont. Attached to the Vermont Governor's requisition were, among other papers, (1) a duly certified copy of an information filed against the relator by the State's Attorney for the County of Washington, Vermont, reciting those facts upon which relator was charged with the crime of "burglary in the nighttime", and (2) five affidavits, sworn to before a notary public, attesting to the commission of the crime charged. Under Vermont's Revised Statutes of 1947 (§§ 2371, 8300) a defendant may be prosecuted for that crime by an information rather than an indictment.

The courts below dismissed the writ, holding that the warrant of extradition was properly issued on the basis of the information and the accompanying affidavits. Relator's appeal to this court is predicated primarily on the contention that a writ of extradition may be issued only where the Governor of the demanding State produces — in the language of section 3182 of title 18 of the United States Code, implementing section 2 of article IV of the Constitution of the United States — "a copy

of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime ''. In short, relator contends that Congress, in enacting section 3182, has pre-empted the entire field of extradition legislation.

In its entirety, section 3182 reads as follows: '' Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.''

Relator points out that the information attached to the requisition of the Governor of Vermont does not satisfy this statute, inasmuch as it is neither an indictment, nor an affidavit made before a magistrate. Thus the primary question presented is whether a State may extradite on less exacting terms than those prescribed by the Federal statute, or, stated otherwise, whether an information, where that is the statutory method of prosecuting a crime in the demanding State, and supporting affidavits, may constitute a sufficient basis for the issuance of a warrant of extradition.

The question before us does not seem to have been squarely passed upon either by the Supreme Court of the United States or by this court. The lower courts of this State are in conflict as to whether or not there must be a literal compliance with the provisions of section 3182 of the Federal extradition statute. In *People ex rel. MacSherry* v. *Enright* (112 Misc. 568, affd. 196 App. Div. 964 [1st Dept.]), it was held that an extradition proceeding may be predicated on an information where the law of the demanding State authorizes prosecution by that method.

The warrant was sustained on the theory that an information constitutes a sufficient compliance with the Federal statute.

Subsequent to the *MacSherry* decision (*supra*), the Legislature in 1936 enacted the present section 830 of the Code of Criminal Procedure (L. 1936, ch. 892). That section, which is practically identical with section 3 of the Uniform Criminal Extradition Act, provides that a demand for extradition may be recognized by the Governor of this State if " accompanied by a copy of an indictment found *or by information supported by affidavit* in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there ". (Italics supplied.)

*People ex rel. Lipshitz* v. *Bessenger* (273 App. Div. 19, 22) was then decided by the Second Department, holding that a warrant of extradition may not be upheld on the basis of an information. That court stated that the Federal statute was " exclusive and controlling " insofar " as any inconsistency exists " between it and section 830 of the Code of Criminal Procedure, and concluded that the *MacSherry* case (*supra*) had been erroneously decided.

Finally, in *People ex rel. Hollander* v. *Britt* (195 Misc. 722, affd. 276 App. Div. 815 [4th Dept.]), Mr. Justice HALPERN determined, in a well-reasoned opinion, that an extradition warrant may be sustained on an information. While recognizing as sound the theory of the *MacSherry* case (*supra*) that an information is a sufficient compliance with the Federal statute, Mr. Justice HALPERN stated further (p. 731): " As to the second proposition, I cannot find any constitutional prohibition against a State supplementing the provisions of the Federal statute and providing voluntarily that it will extradite persons charged with crime under given circumstances, even though the circumstances are such that the State would not be required to extradite the accused person under the Federal statute (cf. *Innes* v. *Tobin,* 240 U. S. 127). There is no inconsistency between such a State statute and the Federal extradition statute and therefore the cases cited by the Second Department in the *Lipshitz* case (*supra,* p. 22) holding that ' Insofar as any inconsistency exists, the Federal statute is exclusive and controlling ', are beside the point. I therefore conclude that the State has the right to provide by statute that it will extradite upon the basis of an information filed by the prosecuting attorney in the demanding State, in

accordance with the law of that State, even if the Federal statute is construed as not requiring extradition upon such an information.''

We think the warrant of extradition was properly issued. While there is merit in the view taken in the *MacSherry* case (*supra*) that an information is a sufficient compliance with the Federal statute, and while there is ample authority in support of that view (*State ex rel. Webster* v. *Moeller,* 191 Minn. 193, 195; *Ex parte Ryan,* 75 Okla. Cr. 144, 148–149; *Matter of Hooper,* 52 Wis. 699, 703; 81 A. L. R. 552 *et seq.*; Spear on Extradition [3d ed.], p. 363; see *Matter of Strauss,* 197 U. S. 324, 332–333), we predicate our determination herein on the theory, expressed in the *Hollander* case (*supra*), that a State may enact legislation to supplement the Federal statute by permitting extradition on less exacting terms than those imposed by the latter statute. This theory has already been acknowledged in other jurisdictions, in treatises, and by those who prepared the Uniform Criminal Extradition Act (*Gulley* v. *Apple,* 213 Ark. 350, 357; *Matter of Davis,* 68 Cal. App. 2d 798; *Stark* v. *Livermore,* 3 N. J. Super. 94, 98–99; *Ex parte Bledsoe,* 93 Okla. Cr. 302; 22 Am. Jur., Extradition, p. 250, n. 1; 9 Uniform Laws Ann., p. 170).

In Scott on Interstate Rendition, we are told that Congress, since enacting in 1793 the first statute on this subject (p. 45) '' has not deemed it necessary to legislate upon any of the phases herein mentioned. Why this remarkable legislative silence by Congress? Is it not possible that it was intended to share this legislative jurisdiction with the several States of the Union? The States themselves have regarded interstate rendition as a concurrent field of legislation, and therefore, they have not hesitated to enact laws covering the phases omitted by Congress, as well as other laws auxiliary to the Constitution and laws of the United States on this subject.''

At most, the Federal extradition statute prescribes those terms upon which a State shall extradite. It does not purport, expressly or impliedly, to prohibit a State from extraditing on less exacting terms. It seems to us that relator's contention that there must be a literal compliance with the Federal statute before a State may voluntarily extradite is patently unsound.

Relator further maintains that the papers upon which the warrant was issued were defective in that they failed (1) to show that he was personally in the demanding State at the time of the commission of the alleged crime, and (2) to set forth facts sufficient to constitute a charge of crime. The information, together with the affidavit of Arvin Long, constituted a prima facie showing that relator was in the demanding State when the crime was committed.

" It then became necessary for the relator to establish by conclusive evidence that he was not in the demanding State when the crime was committed and is not a fugitive from justice ". (*People ex rel. Higley* v. *Millspaw*, 281 N. Y. 441, 447.) Relator has failed to do this. Indeed, he did not even deny his presence in the demanding State in his petition for the writ of habeas corpus. As to the second point, the allegations contained in the information sufficiently charge every element of the crime of burglary under section 8300 of the Vermont statutes, as a mere comparison will demonstrate.

The order of the Appellate Division should be affirmed.

Lewis, Ch. J., Conway, Desmond, Dye and Fuld, JJ., concur; Van Voorhis, J., taking no part.

Order affirmed.