FRED MARLIN SMITH, *Petitioner,* v. HERBERT R. NYE, Sheriff of Leavenworth County, Kansas, *Respondent.*

(272 P. 2d 1079)

Opinion filed July 6, 1954.

*Fred Marlin Smith,* pro se.

*Thomas M. Evans,* assistant attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: In this original habeas corpus proceeding petitioner, who is now being detained by the respondent, Herbert R. Nye, Sheriff of Leavenworth County, pursuant to extradition proceedings initiated by the State of Florida, asks that he be released from the custody of that official.

There is no dispute respecting the basic facts responsible for petitioner's detention. In May, 1948, he pleaded guilty to, and was convicted of, a violation of the criminal laws of the State of Florida, namely, grand larceny, and thereupon was sentenced to serve two years for the commission of such offense in the Florida State Prison. He escaped from that penal institution on August 2, 1948, before the expiration of his sentence and came to Kansas where he was

subsequently convicted of third degree burglary in the district court of Russell County and sentenced to the Kansas State Penitentiary for a term of from one to five years. When released from that institution he was immediately apprehended by the respondent under authority of a warrant, issued by the governor of this state pursuant to the extradition proceeding to which reference has been heretofore made, directing such official to deliver him into the custody of duly designated and commissioned agents of the State of Florida. Before full compliance with the directions of such warrant petitioner commenced this proceeding with the result he is still in the respondent's custody.

The record before us is not as complete as it might be from the standpoint of pleadings. However, when examined, it may be said they raise the issue of the legality of the petitioner's detention. Moreover the merits of that question were argued to this court when the case was presented, hence the cause can be determined on that basis.

Nothing would be gained by reciting allegations of the petition or detailing the contentions advanced by the petitioner in support thereof. So far as we have been able to determine all such allegations and contentions are predicated upon the premise that alleged irregularities in the course of the trial resulting in his Florida conviction, i. e., failure of the court (1) to appoint him counsel, (2) to corroborate his plea of guilty by the sworn testimony of witnesses, and (3) to require the prosecuting attorney to be sworn before testifying as a witness, afford sound grounds for the issuance of the writ prayed for. This contention lacks merit and cannot be upheld because of our decisions which are directly to the contrary. See, e. g., the opinion in our recent case of *Ryan v. Sheriff of Leavenworth County,* 175 Kan. 159, 160, 259 P. 2d 172, which reads:

". . . It is not the province of the Kansas courts to go behind the governor's warrant to inquire into alleged irregularities in the courts of the demanding state. (See, *Powell v. Turner,* 167 Kan. 524, 207 P. 2d 492, certiorari denied 338 U. S. 835, 70 S. Ct. 41, 94 L. Ed. 509.) . . ."

It must be conceded, as respondent points out, that before the governor of the asylum state can lawfully comply with the demand for extradition it must appear that the person demanded is substantially charged with a crime against the laws of the state from whose justice he is alleged to have fled and that he is a fugitive from the justice of such state. For just a few of the decisions so holding

see *Powell v. Turner,* 167 Kan. 524, 207 P. 2d 492, certiorari denied 338 U. S. 835, 94 L. Ed. 509, 70 S. Ct. 41; *Roberts v. Reilly,* 116 U. S. 80, 29 L. Ed. 544, 6 S. Ct. 291; *Hyatt v. Corkran,* 188 U. S. 691, 47 L. Ed. 657, 23 S. Ct. 456; *Munsey v. Clough,* 196 U. S. 364, 49 L. Ed. 515, 25 S. Ct. 282.

The only question remaining is one which counsel representing the respondent have raised out of fairness to the petitioner. In this connection it is suggested that although he did not do so directly it may be petitioner intended to claim that in view of the provisions of 18 U. S. C. A. 3182 the extradition papers submitted to the governor of this state must include the copy of an indictment found against him or in lieu thereof a positive affidavit charging him with commission of the crime of grand larceny. There are many sound decisions, with which we agree, warranting a conclusion the requirements of the foregoing section of the Federal Code have been complied with where—as here—the statute of the demanding state provides for prosecutions by information, verified as presently related, and where—as is also true here—a copy of the information containing a verification by the prosecuting attorney, stating in substance that the allegations as set forth in that instrument had been sworn to as true and that if true they would constitute the offense (grand larceny) therein charged, is included in the requisition papers presented by the demanding state. See, e. g., *Matter of Strauss,* 197 U. S. 324, 49 L. Ed. 774, 778, 25 S. Ct. 535; *Pierce v. Creecy,* 210 U. S. 387, 52 L. Ed. 1113, 1121, 28 S. Ct. 714; *Munsey v. Clough,* supra; *Marbles v. Creecy,* 215 U. S. 63, 54 L. Ed. 92, 30 S. Ct. 32; *People v. Enright,* (112 Misc. Rep. 568) 184 N. Y. S. 248; *State ex rel. Treseder v. Remann,* 165 Wash. 92, 4 P. 2d 866, 78 A. L. R. 412; *Stark v. Livermore,* 3 N. J. Super. 94, 65 A. 2d 625; *People v. Baker,* 306 N. Y. 32, 114 N. E. 2d 194.

Without more, we think the authorities heretofore cited compel the conclusion the involved extradition papers were in proper form and preclude the issuance of the writ on any of the grounds relied on by the petitioner, including the one suggested by the respondent. Be that as it may we are not required to base our decision no writ shall issue entirely upon that premise. The record reveals that the extradition papers submitted, properly authenticated by the governor of the demanding state, included an affidavit, verified by the head of the prison department of that state which definitely established the petitioner's conviction, his sentence, his incarceration

in the Florida state prison, and his escape from that institution before expiration of his sentence in violation of the laws of that state. In the face of that affidavit, which the petitioner does not even dispute, there can be no doubt as to petitioner's status at the time of the issuance of the warrant under which he is now held in custody. He stood charged with a crime and he was a fugitive from justice. See, *Tines v. Hudspeth,* 164 Kan. 471, 477, 190 P. 2d 867, where it is said:

". . . Under numerous decisions, within the meaning of such terms as used in the constitution and the criminal code, a person is 'charged with crime' where prosecution has been initiated, pursued to judgment of conviction and sentence has not expired (18 U. S. C. A., § 662, note 22; U. S. C. A. [Const.], art. 4, § 2, clause 2, note 9). He is also a 'fugitive from justice.' (18 U. S. C. A., § 662, note 8; U. S. C. A. [Const.], art. 4, § 2, clause 2, note 15.)"

In view of section 62-729, G. S. 1949, (of the Uniform Extradition Act), contemplating that a demand for extradition from another state shall be recognized by the governor of this state when supported "by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement," we have little difficulty in concluding establishment of petitioner's status in the manner above indicated is all that was necessary to sustain the validity of the warrant under which he is now held in custody and require compliance with the directions therein contained relating to his delivery to the duly designated agents of the demanding state. Without attempting to either exhaust or labor the authorities it may be said ample support for this conclusion will be found upon resort to *Powell v. Turner,* supra; *Thompson v. Nye,* 174 Kan. 750, 257 P. 2d 937; *Hanson v. Nye,* 176 Kan. 373, 270 P. 2d 790; *Hughes v. Pflanz,* 138 Fed. 980; *State ex rel. Treseder v. Remann,* supra; *Loper v. Dees, Sheriff,* 210 Miss. 402, 49 So. 2d 718; 22 Am. Jur., Extradition, 265, 267, 268 §§ 26, 27, 28; 25 Am. Jur., Habeas Corpus, 195 § 69; 35 C. J. S., Extradition, 323, 332, §§ 9, 14; 39 C. J. S., Habeas Corpus, 548 to 558, incl., § 39.

The writ is denied.